### TANNENBAUM v. SCHAFFER.

(Supreme Court, Appellate Term. April 8, 1910.)

1. CHATTEL MORTGAGES (§ 79*)—FRAUD—BURDEN OF PROOF.

In an action to foreclose a chattel mortgage, defendant had the burden of showing by a preponderance of evidence that she was cheated into signing the mortgage, believing it to be a receipt for the goods.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 142; Dec. Dig. § 79.*]

2. CHATTEL MORTGAGES (§ 79*)—FRAUD.
   Evidence *held* insufficient to show that defendant was fraudulently induced to sign a chattel mortgage, represented by defendant to be a mere receipt for the goods.
   [Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 79.*]

3. EVIDENCE (§ 434*)—INVALIDATING WRITTEN INSTRUMENT—FRAUD.
   A written instrument, even though acknowledged before a notary, may be impeached for fraud and misrepresentation.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nathan Tannenbaum against Dora Schaffer. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Leon Dashew, for appellant.
Morris Alfred Vogel, for respondent.

LEHMAN, J. The plaintiff, a furniture dealer, seeks to foreclose a chattel mortgage signed by the defendant before the delivery to her of certain furniture. The defendant claims that she was induced to sign the chattel mortgage by fraud and misrepresentation. According to her story she selected the furniture in company with her brother-in-law. The furniture was bought by the brother-in-law as a wedding present to her, and she did not agree to pay for the furniture; but it was clearly understood and agreed between the parties that the plaintiff was selling the furniture to her brother-in-law, and the plaintiff then asked her to sign a receipt for the furniture as she might be out when it was delivered. The plaintiff claims, on the other hand, that the defendant was introduced by her brother-in-law, and that she bought the furniture herself, and that the brother-in-law then paid $50 on account of the installment payments due on the mortgage. The brother-in-law testified that the goods were sold to the defendant, and that he paid $50 as his wedding present upon the goods, and that the defendant or her brothers were to pay the remainder. The trial justice gave judgment for the defendant.

If this were an action for the price of the goods, I should not hesitate to affirm the judgment. It is neither incredible nor improbable, upon all the testimony, that the defendant's brother-in-law bought the goods intending them for a wedding present, and that he paid the $50 on account, and agreed to pay the remainder of the purchase price, but has failed to do so because matrimonial difficulties have made him unfriendly to his wife's family, including the defendant; but the fact that he bought the goods would not prevent title from passing to the defendant upon delivery to her. Before the plaintiff completed that delivery, he demanded and obtained a chattel mortgage from her to secure the payment of the balance due. The defendant, whether the purchaser or the donee, could execute legally such a mortgage as security for the unpaid price. It is true that the mortgage is in printed form, and contains a printed covenant to pay a deficiency, and it

may well be that on equitable principles the defendant can be relieved of this covenant; but the only point before us is whether the plaintiff may retake the furniture under the chattel mortgage. That right he has, unless the defendant was cheated into signing the mortgage, believing it to be a receipt.

- On this point the defendant has to bear the burden of producing a preponderance of evidence, and her testimony is not sufficient to overcome the weight of the established fact that she, being able to read and write, signed in two places a printed paper, indorsed "Mortgage," and containing on its face in large letters the words, "Mortgage on Goods and Chattels," and which, she concedes, does not look like a receipt. A written instrument, even though acknowledged before a notary, may be impeached for fraud and misrepresentation; but, if we refuse to give effect to the terms of such an instrument upon testimony of no greater force than was adduced in this case, then the merchant who relies upon a written instrument will find himself leaning upon a broken reed.

. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.